IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| PHILIP M. DANIELS,  §<br>　　Plaintiff,　　　　　§<br>　　　　　　　　　　　§<br>v.　　　　　　　　　§　No. 7:08-cv-0170-O-BF<br>　　　　　　　　　　　§<br>COMMISSIONER, SOCIAL §<br>SECURITY ADMINISTRATION §<br>　　Defendant　　　　§ | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this case to the United States Magistrate Judge for findings, conclusions, and recommendation, pursuant to 28 U.S.C. § 636(b). This is an appeal from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying the claim of Philip M. Daniels ("Plaintiff") for disability insurance benefits (DIB) under Title II of the Social Security Act ("Act"). The Court has reviewed the parties' evidence in connection with the pleadings, and hereby recommends that the District Court affirm the Commissioner's decision.

**I.    Background**

Plaintiff applied for benefits on February 7, 2003, alleging that he had been disabled since April 1, 2002. [Tr. 58.] After his application was denied, Plaintiff requested an administrative hearing, and on May 18, 2005, Administrative Law Judge ("ALJ") Jennie L. McLean conducted a hearing. [Tr. 714.] The ALJ issued a decision denying benefits on October 26, 2005. [Tr. 622-627.] The Appeals Council vacated the decision and remanded for rehearing on March 7, 2006. [Tr. 633-35.] The case was reheard on April 10, 2007, before ALJ McLean. [Tr. 671.] On January 23, 2008, the ALJ again issued an order denying benefits. [Tr. 12-21.] The Appeal Council denied review on August 22, 2008, making the ALJ's decision the final administrative decision. [Tr. 3-6.]

## II. Standard of Review

A claimant must prove that he or she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Social Security Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings.

2. An individual who does not have a "severe impairment" will not be found to be disabled.

3. An individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors.

4. If an individual is capable of performing the work he has done in the past, a finding of "not disabled" must be made.

5. If an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if work can be performed.

*Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (summarizing 20 C.F.R. § 404.1520(b)-(f)). Under the first four steps of the inquiry, the burden lies with the claimant to prove his disability. *Leggett*, 67 F.3d at 564. The inquiry terminates if the Commissioner determines at any point during

the first four steps that the claimant is disabled or is not disabled. *Id.* Once the claimant satisfies his or her burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant is capable of performing. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). This burden may be satisfied either by reference to the Medical-Vocational Guidelines of the regulations, by expert vocational testimony, or by other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C. §405(g). The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

## III. Analysis

The sole issue presented for review is whether the ALJ committed reversible legal error by failing to make a separate finding as to whether the Plaintiff can maintain employment for a significant period of time. In the Fifth Circuit, an ALJ's failure to make a specific finding about the claimant's ability to maintain employment can be a basis for reversal. *Watson v. Barnhart*, 288 F.3d 212, 218 (5th Cir. 2002); *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986). However, an ALJ need not "make a specific finding regarding the claimant's ability to maintain employment in every case." *Frank v. Barnhart*, 326 F.3d 618, 619 (5th Cir. 2003). A separate finding is not required

absent evidence that a claimant's ability to maintain employment would be compromised despite his ability to perform employment as an initial matter, or an indication that the ALJ did not appreciate that an ability to perform work on a regular and continuing basis is inherent in the definition of RFC.

*Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003). Plaintiff has the burden to establish the factual predicate necessitating a separate finding as to the claimant's ability to maintain employment. *See Frank*, 326 F.3d at 620 ("[Plaintiff] did not establish the factual predicate required by *Watson* to necessitate a separate finding in this regard."). To establish the factual predicate, a plaintiff must show that "by its nature, the claimant's physical ailment waxes and wanes in its manifestation of disabling symptoms." *Id.* at 619. Plaintiff offers two bases for finding that his condition necessitates a separate finding as to his ability to maintain employment: his depression was diagnosed as "recurrent" and his work history shows that he has been unable to sustain a job.

Plaintiff has been diagnosed with "major depressive disorder" which was both "recurrent" and "severe" (and later with "psychotic features"). [Tr. 290-92, 360-61, 470-71.] "Recurrent" indicates that Plaintiff has suffered at least two Major Depressive Episodes, between which Plaintiff had at least a two month period in which the criteria for a Major Depressive Period was not met. *See* DSM-IV-TR 369 (4th ed. 2000). Plaintiff argues that therefore "fluctuation in the severity of his symptoms . . . is inherent in the primary diagnosis assigned by Plaintiff's main treating source(s)." [Pl. Br. at 11.]

Here, however, the ALJ found that the claimant "does well when he is consistent with his medication." [Tr. 17, *see also* Tr. 15-19.] This finding is supported with substantial evidence in the record. In November 2002, Plaintiff was prescribed Prozac (Fluoxetine). [Tr. 292.] One month later, during his medication check, Plaintiff reported doing "very well" on his medication. [Tr. 286.] In

4

April 2003, Plaintiff returned to the doctor with feelings of depression, which began after he ran out of his medications for about three or four weeks. [Tr. 270.] On a later medication check, Plaintiff again reported that he did "very well" on his medications, but had recurrences when he ran out. [Tr. 230.] Other reports echo this same pattern. [Tr. 354-55, 357, 360-61, 470.] Because Plaintiff's disability was controlled by his medication, he did not establish the necessary factual predicate of a condition that "waxes and wanes" in its manifestation of symptoms. *See Perez v. Barnhart*, 415 F.3d 457, 465 (5th Cir. 2005) (*Watson* finding not required where claimant's disability was controlled by medication); *Entrekin v. Weinberger*, 477 F.2d 561, 562 (5th Cir. 1973) (affirming denial of disability benefits where claimant's maladies responded to medical treatment).

Secondly, Plaintiff claims that his work history shows that he is unable to sustain a job. Plaintiff's earning record shows that he has had approximately 24 different jobs over a ten-year period. [Tr. 61-67.] The vocational expert ("VE") testified that Plaintiff's work history showed an "[un]usually high" degree of transition between jobs. [Tr. 713.] Notably, there is no indication that Plaintiff did not hold multiple jobs at once, which appears to be likely. [*See* Tr. 63-65 (showing Plaintiff worked for Joseph and Machele Cronin from 1997 to 1999 and K-Mart from 1998 to 2000).] Even granting that plaintiff shifted jobs often, there is insufficient evidence to connect this work history with Plaintiff's claimed disability or, more importantly, a fluctuating aspect of his disability. Many of Plaintiff's past jobs have been temporary or transitory in nature. [*See* Tr. 80 (noting jobs as a ride operator, paper carrier, and deejay), *see also* Tr. 683-90.] Furthermore, Plaintiff testified that he left many of his jobs voluntarily or due to difficulties unrelated to his claimed disability, such as transportation. [Tr. 95-96, 144, 202, 555-56.] To the extent that Plaintiff lost employment due to "attitude" problems, he offers no evidence that the problems were

specifically connected to a shifting aspect of his disability, and the ALJ adequately considered his depression in assessing Plaintiff's claim, restricting his residual functioning capacity to jobs of "simple and repetitive work with no customer service." [Tr.15.]

Finally, Plaintiff asserts that the ALJ did not appreciate that an ability to perform work on a regular and continuing basis is inherent in the definition of RFC. The ALJ cited 20 C.F.R. § 404.1545 (2002) and SSR 96-8p (1996) which both state the correct standard. [Tr. 14.] In the Fifth Circuit, citing the correct standard sufficiently demonstrates the ALJ's awareness. *Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003). Plaintiff has pointed to nothing in the ALJ's findings indicating that the ALJ misunderstood the requirements. *See id.* Although Plaintiff claims that the ALJ's failure to question the VE about Plaintiff's ability to maintain employment shows that she did not appreciate the Plaintiff's inability to maintain work, such questions would have been directly related to the degree and nature of Plaintiff's disability. The VE was not qualified to testify on this matter. *See Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989).

## IV. Recommendation

For these reasons, the Court finds that the lack of a separate finding as to Plaintiff's ability to maintain employment was not reversible legal error and recommends that the Decision be AFFIRMED.

**ENTERED**, July /2, 2010.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).